IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| ARCHIE L. FRENCH and MARY E. FRENCH, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Civil No. 3:05-0462 |
| | ) | Judge Trauger |
| JAMES HORNSBY, RICK CLARK, JULIE SOLA, | ) | Magistrate Judge Knowles |
| ANGIE EDWARDS, EMELENE BINGHAM, | ) | |
| and TIM WALKER, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM and ORDER

On February 17, 2006, the Magistrate Judge issued a Report and Recommendation, recommending that the Motions to Dismiss filed by the various defendants (Docket Nos. 11, 18) be granted and that this case be dismissed. (Docket No. 38) The plaintiffs have filed objections (Docket No. 39), defendants Clark, Sola, Edwards and Bingham have responded to the plaintiffs' objections (Docket No. 40), and the plaintiffs have responded to that response (Docket No. 41).

When objections are made to a report and recommendation on a dispositive matter, as here, this court must make a *de novo* determination concerning any portion of the Magistrate Judge's recommended disposition to which specific objection is made. This court may accept, reject or modify the recommended decision. Rule 72(b), FED. R. CIV. P.; 28 U.S.C. § 636(b)(1)(C). Because it is dispositive of the case, the court will address only the objections relating to whether or not this court has jurisdiction to address the claims in this case.

The Magistrate Judge found that diversity jurisdiction does not exist in this case, and the

1

plaintiffs do not object to that finding. The Magistrate Judge found that there was no federal question jurisdiction, but the plaintiffs do dispute that finding. In their original Objections, the federal statutes that the plaintiffs contend give rise to federal jurisdiction in this court are exclusively criminal statutes contained within Title 18 of the United States Code. Criminal cases brought alleging conspiracy, false statements, subornation of perjury and commission of hate crimes all must be brought by the United States Attorney against criminal defendants. These statutes have no application whatsoever in this civil case brought by Mr. and Mrs. French against private individuals.

In their Response to the defendants' Response (Docket No. 41), the plaintiffs do cite to a civil statute, the Fair Housing Act, 42 U.S.C. § 3601, *et seq*. However, this statute gives rise to civil liability only against those who discriminate on the basis of race (as alleged here) in the selling or renting of housing to individuals. The plaintiffs here, although apparently African American, did not seek to buy from or rent from any of the parties named as defendants in this case. The plaintiffs simply allege mistreatment allegedly based upon race in dealing with these individuals. The plaintiffs and defendant Hornsby, against whom they have lodged the most grievances, were neighbors, both of whom own their own property. They had a property line dispute that was tried in the Davidson County Chancery Court, portions of which this court has reviewed to the extent those proceedings are reflected in this case file. The court can find absolutely no application of the Fair Housing Act to the facts of this case.

For the reasons expressed herein, the Report and Recommendation (Docket No. 38) is **ACCEPTED** and made the findings of fact and conclusions of law of this court, as supplemented herein. For the reasons expressed therein and herein, it is hereby **ORDERED** that

this case is **DISMISSED** pursuant to Rule 12(b)(1), Fed. R. Civ. P., because this court fails to have jurisdiction over the subject matter of this case.

It is so **ORDERED.**

Enter this 13th day of March 2006.

_____
ALETA A. TRAUGER
U.S. District Judge

3